**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@toddflaw.com
21031 Ventura Boulevard, Suite #340
Woodland Hills, CA 91364-6522
Telephone: (323)306-4234

[Other Counsel on Signature Page]

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LENDVIA, LLC and RANGE VIEW MANAGEMENT, LLC, <br><br> Defendants. | CASE No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF** <br><br> JURY TRIAL DEMANDED |

## **CLASS ACTION COMPLAINT**

Plaintiff, Christopher Laccinole ("Plaintiff"), by counsel, hereby files his Class Action Complaint against Defendants Lendvia, LLC ("Lendvia") and Range View Management, LLC ("Range View") (collectively "Defendants"), as follows:

- 1 -

CLASS ACTION COMPLAINT

# INTRODUCTION

1. This is an action for actual damages, statutory damages, punitive damages, attorneys' fees and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is an individual and resides in Texas. The three national consumer reporting agencies – Equifax, Trans Union, and Experian ("CRAs") – all maintain credit files and issue consumer reports concerning Plaintiff. The information contained in Plaintiff's credit files and consumer reports is private.

3. Plaintiff is a "consumer" and Defendants are each a "person" as those terms are defined, or otherwise used, by the FCRA. Defendants are each a "user" of consumer reports as that term is used in the FCRA. Lendvia is a d/b/a of Range View. Range View is liable for the violations of Lendvia described herein.

4. As set forth below, Defendants, acting alone or in concert, requested and obtained Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Class" as defined in Paragraph 34 below), from one or more of the CRAs, including Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian"), without a permissible purpose under the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries"). After obtaining Plaintiff's consumer report, Defendant

Lendvia sent Plaintiff the letter attached hereto as **Exhibit A** ("Letter").  Defendant Lendvia's Letter was <u>not</u> a firm offer of credit under the FCRA.

5. As a result of Defendants' wrongful access to Plaintiff's consumer report, and those of the Class, as described herein, Plaintiff, and the Class, have suffered damages including an invasion of their privacy.

6. Plaintiff, and the Class, suffered concrete harm as a result of Defendants' violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

7. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

8. At all times material to this action, Plaintiff was a resident of Texas.

9. At all times material to this action, Defendant Lendvia was a California limited liability company with its with its principal place of business located at 2525 Main Street, Suite 420, Irvine, CA 92614.  Defendant Lendvia is registered and does business in this District.

10. Defendant Lendvia may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: Nima Asadi, Esq., 19200 Von Karman Ave., Suite 600, Irvine, CA 92612.

11. At all times material to this action, Defendant Range View was a foreign (Wyoming) limited liability company with its principal place of business located at 15303 Ventura Boulevard, Suite 1190, Sherman Oaks, CA 91403. Defendant Range View is registered and does business in this District.

12. Defendant Range View may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: Paracorp Incorporated, 1912 Capitol Ave Ste 500, Cheyenne, WY 82001 USA.

13. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

14. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

15. Defendants are subject to the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

16. Plaintiff lives and works in Texas.

17. On or about November 11, 2024, Defendant Lendvia requested and obtained Plaintiff's consumer report from Experian. A copy of the relevant section of Plaintiff's Experian credit file reflecting the request made by Defendant is attached hereto as **Exhibit B**. Defendant Lendvia purportedly requested and obtained Plaintiff's consumer report for a so-called "promotional" offer of credit.

Upon information and belief, Defendant Lendvia obtained consumer reports on the other members of the Class. In the alternative, Defendant Lendvia obtained one or more prescreened lists from Trans Union, Experian, and/or the other CRAs concerning Plaintiff and the Class. Under the FCRA, such prescreened lists constitute consumer reports. Defendant Lendvia requested the consumer reports as the d/b/a of Defendant Range View.

18. At the time Defendants requested and obtained Plaintiff's consumer report, and the consumer reports of the Class, Plaintiff, and the Class: (a) had not applied for credit with Defendants nor initiated any credit or business transaction involving Defendants; (b) had not applied for employment with Defendants; (c) had not applied for insurance with Defendants; (d) had not authorized Defendants to request and obtain their consumer reports for any reason; and (e) did not have any open and/or closed accounts with Defendants.

19. On or about April 22, 2025, Plaintiff received the Letter from Defendant Lendvia.

20. The Letter is not a firm offer of credit under the FCRA.

21. The Letter merely states that Plaintiff has been "pre-selected for an Financial Relief Loan through Lendvia…". The Letter does not state that Plaintiff has been pre-approved for a loan through Lendvia.

22. In its Letter, Defendant Lendvia further stated "[t]his is a personal loan solicitation only."

23. In its Letter, Defendant Lendvia further stated that it was a d/b/a of Defendant Ridge View.

24. In its Letter, Defendant Lendvia stated that "Lendvia does not fund, issue, or make any loans."

25. In its Letter, Defendant Lendvia stated that "'[a]ny offers presented are current estimates based on the limited information we have about you."

26. In its Letter, Defendant Lendvia stated that "[t]here is no guarantee that you will be approved for a loan or that you will qualify for the loan amount, interest rates, or terms/offers displayed."

27. In its Letter, Defendant Lendvia stated that "You must verify criteria for pre-qualification."

28. Defendant Lendvia's qualifying language above and as otherwise set forth in its Letter rendered the Letter a sham and not a firm offer of credit under the FCRA.

29. Defendant Lendvia did not intend to offer a loan to Plaintiff as a result of the Letter.

30. Defendant Lendvia did not intend to offer a loan to the Class as a result of the Letter or similar ones sent to the Class.

31. Upon information and belief, Defendants, acting alone or in concert, represented to Trans Union, Experian, and/or the other CRAs that Defendants had a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Class.

32. Defendants violated the FCRA by requesting and obtaining Plaintiff's consumer report, and the consumer reports of the Class, without a permissible purpose under the FCRA and without sending them a firm offer of credit.

33. As a result of Defendants' violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## CLASS ALLEGATIONS

34. Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> All consumers within the United States for whom Defendant requested and obtained a consumer report and thereafter sent a letter substantially similar to the Letter within the two years prior to the filing of the Complaint through the date of class certification.

35. The Plaintiff is a member of this Class. Specifically excluded from the Class are the following: (1) Defendant and any entity in which either has a

controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

36. The members of the Class are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about Defendant's use or sale of consumer reports for marketing campaigns, numerous consumers have been victims of Defendants' scheme.

37. Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members. Among such common questions of law and fact are the following:

A. Whether Defendants have systematically engaged in the long-term illegal practice of accessing and/or misusing consumer credit reports without a permissible purpose under the FCRA.

B. Whether Defendants knowingly and/or negligently accessed the Class members' consumer credit reports without a permissible purpose under the FCRA.

C. Whether the Letter was a firm offer of credit under the FCRA.

38. Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The Class claims are, in fact, identical.

39. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

40. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

   A. Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendants have committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such

individual actions in California are known to be pending as of the date of filing this Complaint.

B. When the liability of Defendants has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C. Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendants mistreated and invaded their privacy under the FCRA will go without legal remedy.

D. Without this class action, the Class members will continue to suffer harm, and Defendants' unlawful conduct will be unaccounted for while Defendants continue to reap benefits of their unlawful activity.

41.     No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendants can be readily identified through business records, including the very letters, prescreened consumer lists and/or consumer reports at issue. Similarly, the proposed Class is objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendants and the CRAs. Notice and claims administration can therefore be managed efficiently and accurately.

42.     The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and/or (ii) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

- 11 -
CLASS ACTION COMPLAINT

# COUNT ONE:

## Defendants' Willful Violations of the FCRA

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

44. Defendants willfully violated the FCRA by knowingly, or recklessly, requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

45. As a result of Defendants' willful violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

46. Pursuant to 15 U.S.C. § 1681n, Defendants are liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

47. Pursuant to 15 U.S.C. § 1681n, Defendants are liable to Plaintiff and the Class for statutory and punitive damages as a result of their willful violations of the FCRA.

48. Pursuant to 15 U.S.C. § 1681n, Defendants are liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

# COUNT TWO:

## Defendants' Negligent Violations of the FCRA

49. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

50. Defendants negligently violated the FCRA by requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

51. As a result of Defendants' negligent violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

52. Pursuant to 15 U.S.C. § 1681o, Defendants are liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

53. Pursuant to 15 U.S.C. § 1681o, Defendants are liable to Plaintiff and the Class for actual damages as a result of their violations of the FCRA.

54. Pursuant to 15 U.S.C. § 1681o, Defendants are liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court:

a. Appoint Plaintiff's counsel as counsel for the Class;

b. Appoint Plaintiff as representative for the class;

c. Certify the Class;

d. Enter judgment in favor of Plaintiff and the Class for actual damages, statutory damages, punitive damages, attorney's fees and costs; and,

e. Award such other relief to Plaintiff and the Class as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: May 15, 2025.

                Respectfully submitted,

                By: **/s/ Todd M. Friedman**
                Todd M. Friedman
                **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

                John A. Love*
                **Love Consumer Law**
                2500 Northwinds Parkway
                Suite 330
                Alpharetta, GA  30009
                404.855.3600
                tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Attorneys for Plaintiff*

**Pro Hac Vice* Petition to be filed

- 15 -
CLASS ACTION COMPLAINT