David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5901 West Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendants
LENDVIA, LLC and RANGE VIEW MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LENDVIA, LLC and RANGE VIEW MANAGEMENT, LLC,<br><br>Defendants. | CASE NO. 8:25-cv-01043-FWS-KES<br><br>**ANSWER** |

Defendant LENDVIA, LLC ("Defendant") hereby answers the Complaint of Plaintiff CHRISTOPHER LACCINOLE ("Plaintiff") as set forth below.

## INTRODUCTION

1. Defendant admits that Plaintiff has brought an action pursuant to the FCRA. Defendant denies that the action has merit, and further denies any remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies any violations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

7. Defendant admits that this is a putative class action. Defendant denies that that class action treatment is warranted, and further denies any remaining allegations in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that it is a California limited liability company with a business address of 2525 Main Street, Suite 420, Irvine, CA 92614. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits that Nima Asadi is its current agent for service of process. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, which also constitute legal conclusions.

/ / /

/ / /

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, which also constitute legal conclusions.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, which also constitute legal conclusions.

## FACTUAL ALLEGATIONS

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint, which also constitute legal conclusions.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, which also constitute legal conclusions.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant denies any violations of the FCRA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint, which also constitute legal conclusions.

21. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 21 of the Complaint pertain to the alleged contents of a letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

22. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 22 of the Complaint pertain to the alleged contents of a

letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

23. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 23 of the Complaint pertain to the alleged contents of a letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

24. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 24 of the Complaint pertain to the alleged contents of a letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

25. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 25 of the Complaint pertain to the alleged contents of a letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

26. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 26 of the Complaint pertain to the alleged contents of a letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

27. Defendant denies any violations of the FCRA. Insofar as the allegations in Paragraph 27 of the Complaint pertain to the alleged contents of a letter, Defendant alleges that the letter speaks for itself, and Defendant denies Plaintiff's allegations to the extent they are inconsistent with the letter. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in said paragraph.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies that class action treatment is warranted. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant denies not having a permissible purpose. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Complaint, which also constitute legal conclusions.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

## CLASS ALLEGATIONS

34. Defendant admits that this is a putative class action. Defendant denies that that class action treatment is warranted, and further denies any remaining allegations in Paragraph 34 of the Complaint.

35. Defendant denies that Plaintiff is a member of any class. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

**COUNT ONE**

43. Defendant incorporates by reference all of its responses set forth in the paragraphs above.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

**COUNT TWO**

49. Defendant incorporates by reference all of its responses set forth in the paragraphs above.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief or elsewhere in the Complaint.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Defendant admits that Plaintiff demands a jury trial.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that the acts, omissions, injuries, losses, or damages alleged in the Complaint were caused, or contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, the putative class members, third parties, and/or others for whom Defendant is not responsible.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims, and/or the claims of the putative class members, are barred because they lack standing and/or jurisdiction to assert them.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that it at all times had a permissible purpose under the FCRA with respect to Plaintiff and the putative class members.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims, and/or the claims of the putative class members, may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

**EIGHTH AFFIRMATIVE DEFNSE**

As a separate, affirmative defense, Defendant alleges that it maintained reasonable procedures to comply with the FCRA.

**NINTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that this matter may be subject to an arbitration clause, class action waiver, and/or release. If so, Defendant reserves the right to enforce any such provisions.

**TENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff and/or the putative class members claim to have suffered damages, which is disputed by Defendant, they have failed to mitigate any such claimed damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate, affirmative defense, Defendant alleges that the imposition of the damages sought by Plaintiff on a class action basis would violate Defendant's constitutional rights to due process and equal protection and constitute an excessive fine.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and for such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

Dated: August 18, 2025

CARLSON & MESSER LLP

s/David J. Kaminski
David J. Kaminski
Martin Schannong
Attorneys for Defendants
LENDVIA, LLC and RANGE VIEW MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Dated: August 18, 2025

CARLSON & MESSER LLP

s/David J. Kaminski
David J. Kaminski
Martin Schannong
Attorneys for Defendants
LENDVIA, LLC and RANGE VIEW MANAGEMENT, LLC